# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48910

| | | |
|---|---|---|
| In the Matter of: John Doe II, A Child Under Eighteen (18) Years of Age. | ) ) | |
| JOHN DOE I and JANE DOE I, husband and wife, | ) ) ) | Filed: October 26, 2021 |
| Petitioners-Respondents, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JOHN DOE (2021-24), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Laurie A. Fortier, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Joshua M. Wickard, Deputy Public Defender, Boise, for appellant.

West Legal Offices, P.C.; Jefferson H. West, Boise, for respondents.

---

HUSKEY, Chief Judge

John Doe (Father) appeals from the magistrate court's order terminating his parental rights to a minor child, John Doe II (the child). The magistrate court held that Father abandoned the child and that termination is in the best interests of the child. Father alleges these holdings are not supported by substantial and competent evidence. Because the magistrate court's findings that Father abandoned the child and termination of Father's parental rights is in the best interests of the child are supported by substantial and competent evidence, the judgment terminating Father's parental rights is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Father is the biological father of the child. The child's biological mother (Mother) and her husband (Stepfather) filed a consolidated petition to terminate Father's rights and allow Stepfather to adopt the child. The petition alleged that termination was appropriate pursuant to Idaho Code § 16-2005 because Father had not had contact with the child in over a year. The magistrate court read the allegation as an allegation of abandonment, which was Mother's focus at trial. A trial was scheduled at which both Mother and Father testified and several exhibits were admitted. Following the trial, the district court entered written findings of fact and conclusions of law and ordered Father's parental rights terminated.

The magistrate court found there were four significant periods of time during which Father did not have contact with the child: (1) between January 2014 and September 9, 2015; (2) between September 2015 and December 1, 2017; (3) between January 2018 and March 2020; and (4) between August 19, 2020, and May 20, 2021. The magistrate court found that for each period, Mother met her burden of proof and persuasion of showing abandonment, and then the court held, "According[ly], the burden of production shifts to [Father] to present evidence of 'just cause' why he willfully failed to maintain a normal parental relationship" with the child. The magistrate court found that although Father is disabled and recovering from a 2019 cancer diagnosis, Father "did not produce evidence that logistical or financial issues prevented him from exercising visitation or maintaining parental contact with [the child] during each of the three periods exceeding one year." The district court specifically considered the obstacles Father faced, including his disability "due to PTSD, anxiety, and depression," his medical condition, and the fact that Father lives in a different state. Nonetheless, the magistrate court found that even with those circumstances, Father failed to demonstrate how his health or geographical considerations prevented him from exercising in-person visitation, electronic communication, or from maintaining "even a minimal parental relationship." Thus, the district court found that Mother had established abandonment by clear and convincing evidence.

The magistrate court then assessed whether termination is in the best interests of the child and concluded it was. The magistrate court held that Mother has exclusively cared for the child since 2013 and Stepfather has been a part of the child's life since 2015. The magistrate court noted that the child is secure in his home with Mother and Stepfather, who meet his physical and

emotional needs. In contrast, Father's contact has been "sporadic and disruptive," the child "has a negative emotional response" when Father's name comes up, and Father's "brief attempts to engage with his [child], then disappear without explanation for years at a time, are not in the best interest of his [child.] For a period of seven years, [Father's] sporadic communication and complete lack of parental relationship has negatively impacted his [child]." The magistrate court weighed Father's limited relationship with the child against the continued stability and certainty that the child would experience if Father's parental rights were terminated and the court held it in the child's best interests to terminate Father's parental rights.

The magistrate court entered a judgment terminating Father's parental rights. Father appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Father asserts that the magistrate court erred in finding that he abandoned his child and termination of his parental rights is in the best interests of the child. Mother asserts the court did not err in either determination.

**A.** **The Magistrate Court's Findings Are Supported by Substantial and Competent Evidence**

On appeal, Father challenges the magistrate court's finding that he abandoned his child by failing to maintain a normal parental relationship. The magistrate court's determination that Father abandoned his child by failing to maintain a normal parental relationship is supported by substantial and competent evidence.

**1.** **The magistrate court did not err when it found Father abandoned his child**

A parent has a fundamental liberty interest in maintaining a relationship with his child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by substantial and competent evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by substantial and competent evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate court terminated Father's parental rights on the ground of abandonment, I.C. § 16-2005(1)(a). Pursuant to I.C. § 16-2002(5), abandonment occurs when the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. The word "or" is a disjunctive particle used to express an alternative and, thus, the willful failure to maintain a normal parental relationship can

4

be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010). A parent's failure "to maintain this relationship without just cause for a period of one (1) year shall constitute prima facie evidence of abandonment . . . ." I.C. § 16-2002(5); *In re Doe*, 155 Idaho 505, 507, 314 P.3d 187, 189 (2013).

There is no universal standard for what constitutes a normal parental relationship, and whether such a relationship exists depends on the facts and circumstances of each case. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). The petitioner bears the burden of persuasion to demonstrate that the respondent lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Id.* If the petitioner is able to meet this burden, the respondent then has the burden of production to present evidence of just cause. *Id.* If the magistrate court finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.*

Father does not challenge the magistrate court's factual finding that he did not maintain regular personal contact with his child or that for three of the periods when no contact occurred, the time exceeded one year. Father also does not challenge the magistrate court's finding that Mother established Father lacked a normal parental relationship with the child. Instead, Father argues that although the district court specifically recognized the difficulties Father faced in maintaining a relationship with his child, including Father's mental and physical health issues and his geographic location, the magistrate court failed to accord sufficient weight to those facts when determining there was no just cause to explain the lack of parental relationship with the child. Father argues this failure demonstrates the district court failed to exercise reason in concluding Father had no just cause for not maintaining a relationship. Father also argues that the existence of a hostile environment between parents may also be evidence of just cause. We disagree.

On appeal, "the appellate court does not reweigh the evidence to determine if it was clear and convincing." *Dep't of Health & Welfare v. Doe*, 149 Idaho 207, 210, 233 P.3d 138, 141 (2010). In this case, the magistrate court addressed the barriers Father had to maintaining a normal parent-child relationship. Father did not present any evidence explaining how any health issues would justify the complete absence of contact between January 2014 and September 9, 2015, between September 2015 and December 1, 2017, or between January 2018 and Father's cancer diagnosis in 2019. Similarly, Father did not provide any evidence about how the geographical

distance posed a barrier to maintaining regular personal contact through electronic or telephonic communication. Father provides no additional arguments on appeal relating to these issues.

Father asserts that because his in-person visitation had to be supervised by his parents and because Mother moved to Idaho from Washington after the divorce in 2013 without notifying him, there existed a hostile relationship between Mother and Father, which "would factor into the analysis of just cause." This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Father does not explain why having his parents (with whom both Mother and the child have a good relationship) supervise in-person visitation creates a hostile relationship preventing him from maintaining a normal parent-child relationship with his child. Similarly, he does not explain why Mother's move to Idaho created a hostile environment, particularly when there was no evidence presented that Mother would not allow in-person visitation and the evidence that was presented showed that Mother facilitated Father's electronic and telephonic communication with Mother and the child after the move. The magistrate court appropriately weighed the circumstances in Father's life and found there was substantial and competent evidence to conclude that Father abandoned the child by failing to maintain regular personal contact with the child and that there was no just cause for the abandonment. As such, the magistrate court's finding that Father did not establish just cause for the abandonment is affirmed.[1]

### 2. The magistrate court did not err when it found termination of Father's parental rights is in the child's best interests

Father challenges the magistrate court's determination that termination of his parental rights is in the child's best interests. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's

---

[1]    Because we affirm the magistrate court's finding on abandonment based on the failure to maintain a normal parental relationship, we need not address whether Father abandoned the child based on Father's lack of financial support.

efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Although not entirely clear, Father appears to challenge the magistrate court's conclusion that terminating his parental rights is in the best interests of the child. Father alleges that although the magistrate court found the contact between Father and the child was "sporadic and disruptive," that conclusion ignores Exhibits B, C, and D, which contain several messages between Father and the child that depict a "positive and normal exchange between parent and child." The exhibits support the magistrate court's findings. Father's first email contact with the child was in 2017, and it scared the child. Nonetheless, the child then wrote Father two letters, but Father did not respond to the child's second letter in 2018. In 2020, there were approximately three months of contact through texting between Father and the child before Father discontinued communication. One of Father's emails to Mother indicated he had not contacted Mother or the child for "a good few years." In another exhibit, Father apologized for not "writing back sooner." Brief periods of very limited contact over the course of seven years support the magistrate court's conclusion that Father's contact was sporadic.

The magistrate court also found that the child "has a negative emotional response when the topic of [Father] comes up; he cries and experiences anxiety, frustration, depression, and panic attacks." This was supported by testimony, which Father does not dispute. As such, the magistrate court's finding that Father's contact was disruptive is supported by substantial and competent evidence.

Father also argues the magistrate court abused its discretion because it ignored relevant precedent in concluding Mother and Stepfather provide a secure and stable home environment, including providing for the child's physical and emotional needs. Father asserts this ignores the presumption of maintaining the parent-child relationship. Finally, Father argues the magistrate court's findings improperly assessed which party would better discharge the duties of parenthood rather than whether it is in the child's best interests to terminate Father's parental rights.

The magistrate court properly weighed the stability and permanency of Mother's home against Father's home and found Mother's home was more stable and more permanent. The

magistrate court also properly weighed the financial circumstances of each parent. The magistrate court found that Father's failure to maintain a normal parent-child relationship had a negative impact on the child. Based on the evidence and relevant factors, the magistrate court's conclusion that termination of Father's parental rights is in the best interests of the child is supported by substantial and competent evidence.

Respondents request attorney fees pursuant to I.C. § 12-121. While respondents are the prevailing party, we do not find this appeal was pursued frivolously or without foundation. Given the seriousness of the liberty interest affected in parental termination cases, "reexamin[ing] conflicting evidence is not frivolous." *Doe v. Roe*, 133 Idaho 805, 810, 992 P.2d 1205, 1210 (1999); *see also Matter of Doe*, 164 Idaho 511, 518, 432 P.3d 60, 67 (2018). Consequently, we decline to award attorney fees in this case.

## IV.

## CONCLUSION

The magistrate court's finding that Father abandoned his child by failing to maintain a normal parental relationship without just cause is supported by substantial and competent evidence, as is the magistrate court's conclusion that terminating Father's parental rights is in the child's best interests. Accordingly, we affirm the magistrate court's judgment terminating Father's parental rights.

Judge GRATTON and Judge LORELLO **CONCUR**.

8